UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP,<br><br>Plaintiff,<br><br>-against-<br><br>CDC CORPORATION,<br><br>Defendant. | ___ Civ. _____<br><br>**11 CIV 0663**<br><br>COMPLAINT |

Plaintiff, Olshan Grundman Frome Rosenzweig & Wolosky LLP ("Olshan Grundman"), as and for its Complaint, alleges as follows:

## THE PARTIES

1.  Olshan Grundman is a limited liability partnership engaged in the practice of law and maintains an office at Park Avenue Tower, 65 East 55th Street, New York, New York 10022. All of its partners reside in New York, New Jersey or another state and are therefore citizens of a State within the meaning of 28 U.S.C. § 1332.

2.  Upon information and belief, Defendant CDC Corporation ("CDC" or the "Company"), is a Cayman Islands corporation with its principal place of business in Hong Kong, P.R.C.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(2), because this is an action between a citizens of one or more States and a citizen of a foreign State and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper because the Court has personal jurisdiction over defendant, and because a substantial part of the events or

1185119-1

omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of the action is situated, in this District.

## DEFENDANTS' RETENTION OF OLSHAN GRUNDMAN

4.  In December 2009, CDC requested Olshan Grundman to provide legal services in connection with a pending suit brought by the Evolution Funds in the Supreme Court of New York County. On January 6, 2010, Olshan Grundman sent its engagement letter to CDC, pursuant to 22 NYCRR § 1215.1. On or about January 21, 2010, CDC paid the initial retainer called for by the engagement letter, indicating acceptance of its terms. The firm served as counsel for CDC from January 2010 through January 2011 during which time Olshan Grundman charged CDC legal fees in accordance with its engagement letter. At all times, Olshan Grundman rendered services pursuant to express and implied agreements that it would be compensated for its legal services at its customary hourly rates and reimbursed for its out-of-pocket disbursements in accordance with customary practices.

5.  Throughout the representation, Olshan rendered bills on a monthly basis. CDC continued to accept Olshan's services and did not dispute the charges. As the firm's bills began to mount in late 2010, Olshan Grundman contacted in-house counsel for CDC in early December 2010 to discuss payment. Olshan Grundman insisted upon a substantial payment, at least $200,000 for the bills issued through the end of November 2010. CDC assured Olshan Grundman that such a payment would be forthcoming by January 4, 2010. In reliance upon these assurances, Olshan Grundman continued to render legal services through December. In late December and early January, Olshan Grundman discussed specific invoices and specific amounts that would be resolved, consistent with CDC's earlier assurances. On or about January 4, 2011, the Olshan Grundman attorney in charge of the matter spoke with CDC's Chairman, who abruptly reversed field and claimed that all of the firm's bills had been paid in full and that

1185119-1

no money was owed. Alternatively, CDC's Chairman claimed, none of the firm's work was authorized and no services should have been rendered. In fact, Olshan Grundman was in constant communication with CDC's in-house attorneys, who authorized and accepted all of the services rendered by Olshan Grundman.

6. After CDC repudiated its commitments, Olshan Grundman filed applications for withdrawal in the two cases in which it had appeared in the Supreme Court, New York County. By Order dated January 15, 2011, the Court granted withdrawal in one of these cases. CDC later entered into a substitution of counsel for the other case.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

7. From at least January 2010 through January 2011, at the specific instance and request of Defendant, Olshan Grundman performed legal services for Defendant.

8. Olshan Grundman's fees at the usual and customary hourly rates and out-of-pocket disbursements incurred during that time frame for those services which remain unpaid are in excess of $385,000.

9. Despite due demand, Defendant has failed and refused to pay Olshan Grundman the foregoing amounts.

10. By reason of the foregoing, Defendant breached its agreement with Olshan Grundman, and Olshan Grundman is entitled to recover the sum due. In addition, Defendant failed to pay one or more outside vendors that Olshan Grundman retained in reliance upon Defendant's assurance that Defendant would pay the vendor directly, another promise that Defendant failed to keep. These liabilities are at least $8,710.

11. Defendant is liable to Olshan Grundman for such balance of fees and disbursements in the above amount together with interest, attorneys fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION FOR UNJUST ENRICHMENT

12. Olshan Grundman repeats and realleges each and every allegation contained in Paragraphs "1" through "6" hereof as though fully set forth herein.

13. The fair and reasonable compensation for the work and services performed by Olshan Grundman at the specific instance and request of Defendant, as well as disbursements necessarily incurred on its behalf, for which Defendant has not paid is at least $385,000.

14. At Defendant's request, Olshan Grundman conferred a valuable benefit upon Defendant, and as a result, Olshan Grundman is entitled to recover damages in the amount of at least $385,000.

15. By reason of the foregoing, Defendant is liable to Olshan Grundman in the sum of at least $385,000 plus interest.

## AS AND FOR A THIRD CAUSE OF ACTION IN QUANTUM MERUIT

16. Olshan Grundman repeats and realleges each and every allegation contained in Paragraphs "1" through "6" hereof as though fully set forth herein.

17. Olshan Grundman rendered valuable services to Defendant, and incurred expenses on Defendant's behalf which Defendant accepted.

18. The fair and reasonable value of such services and disbursements is at least $385,000.

19. Defendant has failed and refused to compensate Olshan Grundman for the full value of these services and expenses, although payment has been duly demanded.

20. By reason of the foregoing, Defendant is liable to Olshan Grundman for the balance of such fees and disbursements in the sum of at least $385,000 plus interest.

WHEREFORE, Olshan Grundman demands judgment against Defendant as follows:

1185119-1

      (i)      On the First Cause of Action against Defendant in the sum of at least $385,000 together with interest, attorneys fees, costs and disbursements;

      (ii)      On the Second Cause of Action against Defendant in the sum of at least $385,000 together with interest, attorneys fees, costs and disbursements; or

      (iii)      On the Third Cause of Action against Defendant in the sum of at least $385,000 plus interest.

Dated: New York, New York
       January 28, 2011

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: _____
Thomas J. Fleming
Plaintiff *Pro Se*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300